WOODARD, Judge.
This appeal arises out of a lawsuit for damages sustained by plaintiff, William L. *312 Clark, a police officer for the Town of Basile, who was injured when he fell in the bathroom of the Basile police station.
The issue on appeal is whether the Mayor of the Town of Basile, Clarence Vidrine, is personally liable in tort for plaintiff’s damages.
FACTS
On November 26, 1989, plaintiff fell and injured himself in the police station bathroom. The area of the floor which caused plaintiff to fall was spongy from water leakage. Plaintiff noticed this spongy condition several weeks before the accident and reported it to the police chief and Mayor Vidrine. Nothing was done about the floor until after plaintiffs accident, at which time it was discovered that the joists under the floor where plaintiff fell were rotten. They were replaced and the floor was repaired for a cost of approximately $22.50.
As a result of the accident, plaintiff received worker’s compensation benefits. On November 19, 1990 plaintiff filed this suit in tort 'against Mayor Clarence Vidrine, in his official capacity as Mayor of Basile, the Town of Basile, Basile Building and Development Corporation and Sidney McGee. The Town of Basile was dismissed as a named defendant and the claims against Basile Building Development Corporation and Sidney McGee were voluntarily dismissed, leaving Mayor Vidrine as the sole party defendant. The Town of Basile and the Louisiana Municipal Risk Management Association (LMRMA) intervened to recover worker’s compensation benefits paid to plaintiff.
A trial on the merits was held June 11, 1992. The trial court found Mayor Vidrine liable in tort to plaintiff for damages totalling $225,000.00. Plaintiff was found to be fifty (50%) percent at fault, thus, judgment was rendered in favor of plaintiff for $112,500.00. The trial court judgment also awarded inter-venors fifty (50%) percent of the stipulated intervention amount of $39,528.61, less $7556.81 allocated to plaintiff for attorney fees.
Defendant appeals this judgment and presents five assignments of error which can be combined into the following: (1) the trial court erred in finding Mayor Vidrine liable to plaintiff in tort, and (2) the damages awarded were excessive. Intervenors also appeal and assert that the trial court erred in (1) limiting reimbursement of worker’s compensation benefits to the damages awarded plaintiff for medical expenses and lost wages, and (2) awarding plaintiff an attorney fee on the intervention. Plaintiff answered the appeal and cites as error the finding of the trial court that he was fifty (50%) percent at fault. We reverse the judgment of the trial court.
LAW
The central issue for our determination is whether the Mayor of the Town of Basile is hable in tort to plaintiff, a Basile police officer, for the damages plaintiff sustained in an on-the-job injury.
The Louisiana Worker’s Compensation Act provides at La.R.S. 23:1032A(l)(a):
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
Thus, if the Mayor of Basile is an officer or employee of plaintiffs employer, plaintiffs remedies for his injury are provided exclusively by the Louisiana Worker’s Compensation Act. Plaintiff is a police officer with the Basile Police Department. Thus, plaintiffs employer is the Town of Basile.
The trial court found that plaintiff could sue Mayor Vidrine in tort because the Mayor was neither an employee of the Town of Basile, nor was he plaintiffs employer. However, the trial court did not address defendant’s argument that the Mayor is an officer of the Town of Basile, and thus immune from general tort liability under La. R.S. 23:1032.
*313 The Town of Basile is a Lawrason Act municipal corporation governed by a may- or — board of aldermen form of government. See La.R.S. 33:321 et seq. Louisiana R.S. 33:362 provides that the mayor is an officer of the municipality. Thus, Mayor Vidrine is an officer of the Town of Basile. In fact, he is the chief executive officer of the municipality. La.R.S. 33:362B. Because he is an officer of plaintiffs employer, plaintiffs remedies against Mayor Vidrine are specifically limited by La.R.S. 23:1032 to those remedies provided in the Louisiana Worker’s Compensation Act.
DAMAGES, REIMBURSEMENT AND ATTORNEY’S FEES
Because we are reversing the judgment of the trial court, these issues are now moot.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. Mayor Clarence Vidrine is not liable in tort to plaintiff for the damages plaintiff sustained as a result of his accident in the Basile Police Department bathroom. Costs of this appeal are assessed to plaintiff-appellee.
REVERSED.